IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MELVIN DE JESUS CANO-GONZALEZ    :    CIVIL ACTION
                                :
       v.                       :
                                :
WARDEN OF FDC J.L. JAMISON, ET AL.    :    NO. 26-5014

**ORDER**

**AND NOW**, this 22nd day of July, 2026, upon consideration of Petitioner Melvin De Jesus Cano-Gonzalez's Verified Petition for Writ of Habeas Corpus (Docket No. 1) and Respondents' Response to Petition for Writ of Habeas Corpus, **IT IS HEREBY ORDERED** as follows:

1.  The Petition for Writ of Habeas Corpus is **GRANTED**. [1]

---

[1] Petitioner is a native of Nicaragua, who entered the United States at the Southern border in August of 2022. (Pet. ¶¶ 1, 18.) Shortly after entering the country, Petitioner was detained by Department of Homeland Security ("DHS") officials, processed, and released to live in the country with his wife and children. (Id. ¶ 19.) Petitioner lived with his family in Miami until he moved to Philadelphia in 2023. (Id. ¶ 20.) He has since resided in Philadelphia, working at a restaurant to support his family. (Id.) Petitioner has complied with all of the conditions of his release, attending every scheduled immigration hearing and ICE check-in appointment, and he has a currently pending asylum application. (Id. ¶ 21.) He has no criminal history. (Id. ¶ 56; Resp. at 2.) On July 16, 2026, DHS officials detained Petitioner while he was attending a routine ICE check-in appointment. (Pet. ¶¶ 2, 22.) He is currently detained at the Philadelphia Federal Detention Center pending removal. (Id. ¶¶ 2, 7, 23.)

Petitioner challenges the lawfulness of his detention on statutory grounds and as a matter of due process. Respondents oppose the Petition. They argue, just as they have argued in hundreds of similar cases in this District, that we should deny the Petition because (1) Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and (2) his detention does not violate due process. However, "courts in this District and across the country have repeatedly held [that] these arguments are unavailing." Benitez Villa v. JL Jamison, Civ. A. No. 26-1926, 2026 WL 907582, at *2 (E.D. Pa. Apr. 2, 2026); see also Alekseev v. Warden, Phila. Fed. Detention Ctr., Civ. A. No. 26-462, 2026 WL 413439, at *1 (E.D. Pa. Feb. 13, 2026) (stating that by February 13, 2026 "every member of this Court ha[d] repeatedly rejected the Government's interpretation of the" Immigration and Nationality Act ("INA") in "201 decisions, all granting 'undocumented immigrants' habeas relief"). Indeed, Respondents acknowledge "the weight of circuit and district court authority against" their position that individuals like Petitioner are subject to mandatory detention pursuant to 8 U.S.C. § 1225(b). (Resp. at 2.)

We previously analyzed the statutory issue in our Memorandum Opinion in Hurtado v. Jamison, Civ. A. No. 25-6717, 2025 WL 3678432 (E.D. Pa. Dec. 18, 2025), and concluded that it

is unlawful to subject noncitizens who have been residing in this country without incident to mandatory detention under § 1225(b)(2). Id. at *5-6. Notably, a panel of Second Circuit judges has since unanimously held the same, "join[ing] the overwhelming majority of federal judges across the Nation" in concluding that the "plain text" of § 1225(b)(2)(A) "does not apply to . . . noncitizens[] who are present in the United States after entering the country without inspection and admission . . . ." Barbosa da Cunha v. Freden, 175 F.4th 61, 69 (2d Cir. 2026); see also Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025) (concluding, in the context of a motion for a stay pending appeal, that the Government was not likely to succeed on its argument that noncitizens already residing in the United States are subject to mandatory detention under § 1225(b)(2)(A)). "The United States Court[s] of Appeals for the Eleventh and Sixth Circuit have also rejected the Respondents' interpretation of the statutory provision at issue here." Kumar v. Warden, Pike Cnty. Corr. Facility, Civ. A. No. 26-1216, 2026 WL 1348119, at *1 (M.D. Pa. May 14, 2026) (citing Hernandez Alvarez v. Warden Fed. Det. Ctr. Miami, 175 F.4th 1258, 1262 (11th Cir. 2026), and Lopez-Campos v. Raycraft, 175 F.4th 713, 719 (6th Cir. 2026)). In Hernandez Alvarez, a panel of Eleventh Circuit judges considered "whether unadmitted aliens found in the interior of the United States are eligible for bond while they go through immigration proceedings." 175 F.4th at 1261. Respondents took the position in that case, as it has in this case and all similar cases, "that these aliens must be detained without bond under 8 U.S.C. § 1225(b)(2)(A)." Id. The Eleventh Circuit rejected Respondents' position, explaining that "[t]he text and statutory structure of the INA, bolstered by the long history of detention across our immigration laws and the congressional purpose in passing [the Illegal Immigration Reform and Immigrant Responsibility Act], yield the conclusion that no-bond detention generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here." Id. at 1262. In Lopez-Campos, a panel of judges of the United States Court of Appeals for the Sixth Circuit considered whether "a noncitizen detained within the interior of the United States who never affirmatively applied for admission is subject to 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme or 8 U.S.C. § 1226's permissive detention scheme." 175 F.4th at 721. The Sixth Circuit "join[ed] the Second and Eleventh Circuits . . . in holding that § 1225(b)(2)(A) does not apply to noncitizens like Petitioners[,]" who had lived in the United States for years prior to being detained by ICE. Id. at 722; see also id. at 734 (noting that the petitioners in that case "have lived in the United States for years or decades"). Lastly, the Tenth Circuit has recently joined the Second, Sixth, and Eleventh Circuits in rejecting Respondents' position that individuals like Petitioner are subject to mandatory detention under § 1225(b)(2). See Santillan Quiroz v. Mullin, Civ. A. No. 26-6019, 2026 WL 1876709, at *13 (10th Cir. 2026) (concluding that "§ 1225(b)(2)(A) is limited to the border, and that [the petitioner] is an 'applicant for admission' but not 'seeking admission.'").

We acknowledge that divided panels of the Fifth and Eighth Circuits have found otherwise, declaring Respondents' interpretation of § 1225 to be correct. See Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026); Avila v. Bondi, 170 F.4th 1128, 1134 (8th Cir. 2026). However, we find the reasoning in Barbosa da Cunha to be more persuasive. Indeed, the reasoning of the Second, Sixth, and Eleventh Circuits is consistent with our own analysis in Hurtado and the plethora of other comprehensive and well-reasoned opinions in this District that have rejected Respondents' arguments. See, e.g., Kashranov v. Jamison, Civ. A. No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); Ndiaye v. Jamison, Civ. A. No. 25-6007, 2025 WL 3229307

2

2. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and is instead subject to detention, if at all, pursuant to the provisions of 8 U.S.C. § 1226.

3. The Government shall immediately **RELEASE** Petitioner from custody.

4. The Government shall certify compliance with Paragraph 3 of this Order by filing, no later than 5:00 p.m. on Friday, July 24, 2026, a certification of Petitioner's custody status.

5. If the Government chooses to pursue re-detention of Petitioner pursuant to § 1226(a), it must afford him a bond hearing before a neutral immigration judge as that provision requires.

6. Petitioner's unopposed request for an order requiring the Government to return all of his personal property, including identification and documents, is **GRANTED**, and the Government shall return such personal property to Petitioner upon his release.

7. With respect to Petitioner's request for an award of his costs and reasonable attorney's fees in this action pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA"), we **DEFER** any ruling.  Petitioner may file an appropriate motion for costs and fees pursuant to the EAJA no later than August 21, 2026.

BY THE COURT:

_/s/ John R. Padova, J._
John R. Padova, J.

---

(E.D. Pa. Nov. 19, 2025); Ibarra v. Warden of Fed. Det. Ctr. Phila., Civ. A. No. 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025); Alekseev, 2026 WL 413439; Benitez Villa, 2026 WL 907582.

Accordingly, for the reasons set forth in our Hurtado decision and the multitude of other consistent opinions in this District, we grant the instant Petition, concluding that Respondents do not have authority to detain Petitioner without a bond hearing under § 1225(b)(2).